# Exhibit B

| | |
|---|---|
| *AirFX, LLC* )<br>*5142 E. 65th Street* )<br>*Indianapolis, IN 46220* )<br> )<br>**(Complainant)** )<br> )<br>v. )<br> )<br>*ATTN AIRFX.COM* )<br>*124 Ascot Court #E* )<br>*Moraga, CA 94556* )<br>United States )<br> )<br>**(Respondent)** )<br> ) | **Domain Name In Dispute:**<br>*airfx.com* |

### AMENDED COMPLAINT IN ACCORDANCE WITH
### THE UNIFORM DOMAIN NAME DISPUTE RESOLUTION POLICY

[1.]   This Complaint is hereby submitted for decision in accordance with the Uniform Domain Name Dispute Resolution Policy (UDRP), adopted by the Internet Corporation for Assigned Names and Numbers (ICANN) on August 26, 1999 and approved by ICANN on October 24, 1999, and the Rules for Uniform Domain Name Dispute Resolution Policy (UDRP Rules), with an effective date of March 1, 2010, and the National Arbitration Forum (FORUM) Supplemental Rules (Supp. Rules). UDRP Rule 3(b)(i).

[2.]   **COMPLAINANT INFORMATION**

    [a.]   Name:   *AirFX, LLC*
    [b.]   Address:   *5142 E. 65th Street, Indianapolis, IN 46220*
    [c.]   Telephone:   317-842-7888
    [d.]   Fax:   317-842-7980
    [e.]   E-Mail:   *jeff@airfxairride.com*

[3.]   **COMPLAINANT AUTHORIZED REPRESENTATIVE, IF ANY**

Complainant's preferred contact person for correspondence relating to this case:

    [a.]    Contact Name:    *Jeff Schwindt*
    [b.]    Contact Email:    *jeff@airfxairride.com*

The Complainant chooses to have this dispute heard before a (check one):
___X__ *single-member administrative panel;* ____ *three-member administrative panel].*
UDRP Rule 3(b)(iv).

[4.]    **RESPONDENT INFORMATION**

    [a.]    Name:    *"ATTN AIRFX.COM"**
    [b.]    Address:    *124 Ascot Court #E, Moraga, CA 94556 USA*
    [c.]    Telephone:    *925-631-0907*
    [d.]    Fax:    *unknown*
    [e.]    E-Mail:    *mlurie@lurieassociates.com*

*\*Complainant has previously corresponded with Respondent and has determined that the alleged owner/Respondent holds himself out as Mark Lurie, an intellectual property attorney located in California.*

[5.]    **RESPONDENT AUTHORIZED REPRESENTATIVE, IF KNOWN**

    [a.]    unknown

[6.]    **DISPUTED DOMAIN NAME(S)**

    [a.]    The following domain name is the subject of this Complaint: UDRP Rule 3(b)(vi).

*airfx.com*

    [b.]    Registrar Information: UDRP Rule 3(b)(vii).

        [i.]    Registrar's Name:    *GoDaddy.com, Inc.*
        [ii.]    Registrar Address:    *14455 N. Hayden Rd, Ste. 219, Scottsdale, AZ 85260*
        [iii.]    Telephone Number:    *(480) 505-8899*
        [iv.]    E-Mail Address:    *unknown*
        [v.]    Fax:    *(480) 505-8844*

    [c.]    Trademark/Service Mark Information: ICANN Rule 3(b)(viii).

*AIRFX, U.S. Registration No. 3214511, with goods and services listed as motorcycles, vehicle parts, namely, shock absorbers, and suspension systems for motorcycles, bicycles, automobiles, and powered vehicles.*

[7.]   **FACTUAL AND LEGAL GROUNDS**

This Complaint is based on the following factual and legal grounds: UDRP Rule 3(b)(ix).

[a.]   *Pursuant to UDRP Rule 3(b)(ix)(1) and UDRP Policy ¶ 4(a)(i), Complainant asserts the disputed domain name is identical to the mark protected by U.S. Trademark Registration No. 3214511. A copy of U.S. Trademark Registration No. 3214511 is attached as Exhibit 1, illustrating that Air Systems Engineering was the Registrant of the mark AirFX. AirFX, LLC has since acquired the AirFX mark, and is the current owner.*

[b.]   *Pursuant to UDRP Rule 3(b)(ix)(2) and UDRP Policy ¶ 4(a)(ii), Respondent should be considered as having no rights or legitimate interests in the disputed domain name because Respondent has admitted that he has no product or service that relates to the registered trademark, and never has. Additionally, Respondent is not commonly known by the domain name in question, nor has Respondent used the domain name in connection with a legitimate noncommercial or fair use without intent for commercial gain. Furthermore, Respondent has not used the name for a legitimate offer of goods or services. In contrast, Respondent's airfx.com website has at all known times held a temporary page with links to unrelated items, such as generators and DJ equipment. A copy of the Respondent's current airfx.com welcome page is attached as Exhibit 2.*

[c.]   *Respondent appears to have registered the disputed domain name in bad faith, given the timing of his registration and the tactics he has employed in discussions with Complainant or Complainant's representatives, who have always identified Complainant as the rightful trademark owner. In particular, Complainant asserts as follows in compliance with UDRP Rule 3(b)(ix)(3); UDRP Policy ¶ 4(a)(iii).*

   *(i.)   Respondent has offered to rent, and not sell, the disputed website to Complainant for amounts that would far exceed any cost Respondent may have had in acquiring the domain name. Moreover, Respondent has insisted that any rental period would be a short term, to be renegotiated frequently, with Respondent receiving a royalty of Complainant's sales.*

   *(ii.)   Respondent appears to have registered the disputed domain name within months of Complainant's registered trademark being published for opposition - a process that places a trademark in a public database. Just one month before Complainant's mark was advanced to "Registered" status, the Respondent registered the disputed domain.*

   *(iii.)   In previous conversations with Complainant or its representatives, Respondent held himself out as an "intellectual property attorney," and therefore has acute knowledge of how to find marks that were recently published for*

*opposition, and about to register. On information and belief, Respondent is in the business of securing domain names for marks, including issuing trademarks, that he knows are valuable to other corporations, with the sole purpose of seeking to derive income from the rental of those domain names.*

*(iv.)   In Respondent's most recent communication with Complainant, Respondent asserted that he sold wind tunnels under the disputed domain name, but was unable to provide any proof of such assertions. When Respondent was told that a Google search did not lend any information whatsoever on an AirFX wind tunnel, Respondent responded with a threat to sue Complainant, asserting he was an attorney.*

[8.]   **REMEDY SOUGHT**

The Complainant requests that the Panel issue a decision that the domain-name registration be transferred to Complainant, **and that all expenses related to this action be reimbursed by Respondent**.  UDRP Rule 3(b)(x); UDRP Policy ¶ 4(i).

[9.]   **OTHER LEGAL PROCEEDINGS**

Complainant asserts that no other legal procedures have been initiated in this regard. UDRP Rule 3 (b)(xi).

[10.]   **COMPLAINT TRANSMISSION**

The Complainant asserts that a copy of this Complaint, together with the cover sheet as prescribed by FORUM's Supplemental Rules, has been sent or transmitted to the Respondent (domain-name holder), in accordance with UDRP Rule 2(b) and to the Registrar(s) of the domain name(s), in accordance with FORUM Supp. Rule 4(e).  UDRP Rule 3(b)(xii); FORUM Supp. Rule 4(c).

[11.]   **MUTUAL JURISDICTION**

The Complainant will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to *[choose <u>one</u> jurisdiction]:*
*__X___a) the location of the principal office of the concerned registrar or*
*_____b) where the Respondent is located, as shown by the address(es) given for the domain name holder in the Whois Database at the time of the submission of the Complaint to FORUM.*  UDRP Rule 3(b)(xiii).

[12.]   **CERTIFICATION**

Complainant agrees that its claims and remedies concerning the registration of the domain name, the dispute, or the dispute's resolution shall be solely against the domain-name holder and waives all such claims and remedies against (a) the National Arbitration Forum and panelists, except in the

case of deliberate wrongdoing, (b) the registrar, (c) the registry administrator, and (d) the Internet Corporation for Assigned Names and Numbers, as well as their directors, officers, employees, and agents.

Complainant certifies that the information contained in this Complaint is to the best of Complaint's knowledge complete and accurate, that this Complaint is not being presented for any improper purpose, such as to harass, and that the assertions in this Complaint are warranted under these Rules and under applicable law, as it now exists or as it may be extended by a good-faith and reasonable argument.


Respectfully Submitted,

_____
Jeffrey R. Schwindt

4/22/2011
[Date]


*[Annex any documentary or other evidence, including a copy of the Policy applicable to the domain name(s) in dispute and any trademark or service mark registration upon which the complaint relies, together with a schedule indexing such evidence.]*   UDRP Rule 3(b)(xv).

*[The Complaint, not including annexed material, shall not exceed ten (15) pages.]*   FORUM Supp. Rule 4(a).

*[The Complaint and Annexes shall be submitted electronically, in accordance with the electronic submission requirements listed in the Annex to the Supplemental Rules, to domaindispute@adrforum.com.]*   FORUM Supp. Rule 4(b).