**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AIRFX.com; Marc Lurie, <br><br>    Plaintiffs, <br><br>vs. <br><br>AirFX LLC; <br><br>    Defendant/Counterclaimant, <br><br>vs. <br><br>AIRFX.com; Marc Lurie; Pedal Logic LP; Juno Holdings Inc., <br><br>    Counterdefendants. | CV 11-01064-PHX-FJM <br><br>**ORDER** |

The court has before it plaintiffs'/counterdefendants' AIRFX.com and Marc Lurie's partial motion to dismiss counterclaims (doc. 33). Defendant/counterclaimant AirFX LLC did not respond, and the time for responding has expired.

This action arises out of a dispute over the domain name airfx.com, which is currently registered to Marc Lurie. We denied AirFX LLC's motion to dismiss or transfer on October 20, 2011 (doc. 19). AirFX LLC answered the complaint on November 3, 2011 (doc. 20). In addition, it asserted counterclaims against AIRFX.com and Lurie and new parties Pedal Logic, LP and Juno Holdings, Inc.[1] AirFX LLC asserted a total of four counterclaims: (1)

---

[1] These counterdefendants have not yet appeared.

trademark infringement; (2) cyber squatting in violation of the Anticybersquatting Consumer Protection Act; (3) intentional interference with prospective economic/contractual advantage; and (4) abuse of process.[2]

Lurie and AIRFX.com move to dismiss the counterclaims for intentional interference with prospective economic/contractual advantage (count three) and abuse of process (count four) pursuant to Rule 12(b)(6), Fed. R. Civ. P. They argue that AirFX LLC has failed to state a claim as to both counts. Because AirFX LLC failed to respond to the motion, we construe the lack of a response as a concession and grant the motion summarily. See LRCiv 7.2(i) ("if. . . counsel does not serve and file the required answering memoranda. . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

In addition, we agree that AirFX LLC has failed to state a claim on counts three and four. Under Arizona law, the elements of tortious interference with a business relationship are

(1) The existence of a valid contractual relationship or business expectancy;
(2) knowledge of the relationship or expectancy on the part of the interferer;
(3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
(4) resultant damage to the party whose relationship or expectancy has been disrupted.

Wagenseller v. Scottsdale Mem'l Hosp., 147 Ariz. 370, 386, 710 P.2d 1025, 1041 (1985) (superceded by statute in other respects). The interference must be improper as well as intentional. Id. at 387-88, 710 P.2d at 1042-43. Here, AirFX LLC is alleging that Lurie's purchase of the airfx.com domain name, despite knowing that AirFX was a registered trademark, interfered with AirFX LLC's business interest in obtaining the same domain name. AirFX LLC has not identified the existence of a valid contractual relationship between it and a third party. And AirFX LLC has not alleged that it had a valid business

---

[2] The abuse of process count was mistakenly styled as count three.

expectancy with a third party.  "Although the tort of tortious interference with a business expectancy covers situations that the tort of intentional interference with a contract does not, the former has only been available in those situations where the plaintiff can identify the specific relationship with which the defendant interfered." Dube v. Likins, 216 Ariz. 406, 414, 167 P.3d 93, 101 (Ct. App. 2007).  General allegations that Lurie interfered with a business interest that AirFX LLC has in obtaining the airfx.com domain name are insufficient to state a claim.

To prevail on an abuse of process claim, AirFX LLC must show "(1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." Nienstedt v. Wetzel, 133 Ariz. 348, 353, 651 P.2d 876, 881 (Ct. App. 1982). AirFX LLC alleges that Lurie and AIRFX.com have abused the litigation process.  This generalized allegation cannot support an abuse of process claim. See Crackel v. Allstate Ins. Co., 208 Ariz. 252, 258, 92 P.3d 882, 888 (Ct. App. 2004) (claim "must be based on something more than the opposing party's mere persistence in the litigation").  The only specific action AirFX LLC identifies as improper is the filing of the complaint.  But abuse of process requires an act "beyond the initiation of a lawsuit." Joseph v. Markovitz, 27 Ariz. App. 122, 126, 551 P.2d 571, 575 (Ct. App. 1976).  And AirFX LLC's allegation that Lurie improperly filed a trademark application does not even involve the use of judicial process.

**IT IS ORDERED GRANTING** plaintiffs'/counterclaimants' AIRFX.com and Marc Lurie's partial motion to dismiss (doc. 33).  AirFX LLC's counterclaims for intentional interference with prospective economic/contractual advantage (count three) and abuse of process (count four) against  plaintiffs/counterclaimants AIRFX.com and Marc Lurie are dismissed.

DATED this 28th day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge