**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AIRFX.com; Marc Lurie, ) | CV 11-01064-PHX-FJM |
| )    Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| AirFX LLC; ) | |
| )    Defendant/Counterclaimant, ) | |
| vs. ) | |
| AIRFX.com; Marc Lurie; Pedal Logic ) LP; Juno Holdings Inc., ) | |
| )    Counterdefendants. ) | |

    The court has before it plaintiffs/counterdefendants' (plaintiffs) motion to amend (doc. 48), defendant's response (doc. 52), and plaintiffs' reply (doc. 53). We also have before us defendant's motion to strike plaintiffs' reply (doc. 56) and plaintiffs' response (doc. 58).

    Plaintiffs and defendants each seek the internet domain name airfx.com. The original complaint alleges one count of reverse domain name hijacking pursuant to 15 U.S.C. 1114(D)(v) against defendant. This action has generated several motions, two of which are addressed here. Plaintiffs filed a motion to amend the complaint on December 15, 2011. Defendant opposes the amendment. Counterdefendants Pedal Logic LP and Juno Holdings

Incorporated, both affiliated with plaintiff Lurie, did not file a response opposing the amendment.[1]

Defendant moves to strike plaintiffs' reply in support of their motion to amend, arguing that the reply raises new arguments and mischaracterizes facts. Motions to strike may only be filed if authorized by statute, rule, or court order. See LRCiv 7.2(m). Defendant has not cited any statute or rule authorizing its motion to strike. Moreover, a motion to strike in this case is unnecessary, as we do not consider new arguments raised in a reply. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990). Defendant's motion is denied.

Under the Lanham Act, a court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). An action litigated vexatiously or in bad faith can qualify as exceptional under the Act. Stephen W. Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 827 (9th Cir. 1997). See also Lahoti v. Vericheck, Inc., 636 F.3d 501, 510-11 (9th Cir. 2011) (affirming award of attorneys' fees; action "exceptional" when party engaged in abusive litigation practice). Contending that defendant's conduct in the litigation to date has alerted plaintiffs that this case may qualify as exceptional, they seek to amend their complaint to add a request for attorneys' fees under 15 U.S.C. § 1117(a).

Rule 15(a), Fed. R. Civ. P. instructs that leave to amend shall be freely given. Moreover, the motion is timely under our Rule 16 order (doc. 47). Plaintiffs have not pointed to any authority stating that a party waives his right to seek attorneys' fees under 15 U.S.C. § 1117(a) if the request is not included in the complaint. Indeed, a rule that attorneys' fees under 15 U.S.C. § 1117(a) are waived if not pled in the complaint would be inconsistent with the right to seek fees for conduct that happens during the course of the litigation. However, we need not address at this stage whether fees are allowable in reverse hijacking cases. Allowing amendment now causes no prejudice.

---

[1] Pedal Logic and Juno Holdings's motion to dismiss (doc. 55) reveals that Lurie is the president of Juno Holdings, which is the sole general partner of Pedal Logic, LP.

**IT IS ORDERED GRANTING** plaintiffs' motion to amend (doc. 48). Plaintiffs shall comply with the filing and service requirements of LRCiv 15.1.

**IT IS ORDERED DENYING** defendant's motion to strike (doc. 56).

DATED this 17th day of January, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge