**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AIRFX.com; Marc Lurie, | CV 11-01064-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| AirFX LLC; | |
| Defendant/Counterclaimant, | |
| vs. | |
| AIRFX.com; Marc Lurie; Pedal Logic LP; Juno Holdings Inc., | |
| Counterdefendants. | |

**I**

The court has before it counterdefendants Pedal Logic LP and Juno Holdings Inc.'s ("Pedal counterdefendants") motion to dismiss for lack of jurisdiction (doc. 55), AirFX LLC's ("defendant") response (doc. 60), and the Pedal counterdefendants' reply (doc. 63).

This action arises out of a dispute over the domain name airfx.com, which is currently registered to plaintiff Marc Lurie. AirFX LLC asserted four counterclaims against plaintiff and new parties Pedal Logic LP and Juno Holdings Inc.: (1) trademark infringement; (2) cybersquatting in violation of the Anticybersquatting Consumer Protection Act; (3) intentional interference with prospective economic/contractual advantage; and (4) abuse of

process.[1]  Count two for cybersquatting was only asserted against Lurie.  Defendant voluntarily dismisses count three (intentional interference with prospective economic/contractual advantage) and count four (abuse of process) against the Pedal counterdefendants.  The only remaining issue is whether count one for trademark infringement should be dismissed.[2]

## II

The Pedal counterdefendants first argue that defendant lacks standing to bring its trademark infringement counterclaim.  Article III of the Constitution limits federal court jurisdiction to cases and controversies.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559, 112 S. Ct. 2130, 2136 (1992).   We assess justiciability as of the time the complaint is filed. Standing is a "core component" of a case or controversy.  Id. at 560, 112 S. Ct. at 2136.  The party seeking to invoke federal jurisdiction bears the burden of establishing all three elements of constitutional standing: (1) that it suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent," (2) that a "causal connection between the injury and the conduct complained of" exists that is fairly traceable to the opposing party's action, and (3) that the injury likely can be redressed by a favorable decision.  Id. at 560-61, 112 S. Ct. at 2136.  We may grant a Rule 12(b)(1) motion when the complaint on its face fails to allege sufficient facts to establish subject matter jurisdiction.  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Alternatively, in a factual attack on jurisdiction, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

---

[1] The abuse of process count was mistakenly styled as count three.

[2] Rule 13(h), Fed. R. Civ. P. states that Rules 19 and 20, Fed. R. Civ. P. govern adding a new party to a counterclaim.  Rule 19 addresses the joinder of required parties.  Rule 20 permits defendants to be joined when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a common question of law or fact will arise.  Id. 20(a)(2).  The Pedal counterdefendants do not challenge the propriety of their joinder, so we do not address the issue here.

1  We may review evidence outside the pleadings to resolve a factual attack. Id. But in cases
2  where "the jurisdictional issue and substantive issues are so intertwined that the question of
3  jurisdiction is dependent on the resolution of factual issues going to the merits," a
4  jurisdictional dismissal is inappropriate. Id. at 1039-40 (quoting Sun Valley Gasoline, Inc.
5  v. Ernst Enters., 711 F.2d 138, 139 (9th Cir. 1983)).

6  Defendant does not directly address Article III standing in its response, arguing
7  instead that this court has subject matter jurisdiction because the trademark infringement
8  claim arises under the Lanham Act and this court has supplemental jurisdiction under 28
9  U.S.C. § 1367. But defendant does not escape the requirements of Article III standing simply
10 because its claims are styled as counterclaims.  We cannot adjudicate a counterclaim -
11 whether before the court under § 1331, § 1332, or § 1367 - if there is no case or controversy.

13 Defendant's factual allegations concerning the Pedal counterdefendants are brief.
14 Defendant alleges that Pedal Logic was named on a June 2011 intent to use application for
15 the AIRFX mark in connection with wind tunnels. Defendant also alleges that plaintiff Lurie
16 is the owner of both Pedal Logic and Juno Holdings. Defendant does not have standing to
17 assert a trademark infringement claim against Juno Holdings on the counterclaim's face, as
18 it does not even refer to Juno Holdings. Defendant has not met its burden to show that it has
19 standing to bring its counterclaim against Juno Holdings, and we dismiss the trademark
20 infringement counterclaim against Juno Holdings for lack of jurisdiction.

21 Defendant's counterclaim does, however, make allegations concerning Pedal Logic.
22 It asserts that Pedal Logic is using the AIRFX mark and is causing defendant, owner of the
23 mark, injury.  This type of injury would be redressable by a decision in defendant's favor.
24 Pedal Logic, however, disputes defendant's factual contention that it has made use of the
25 AIRFX mark and injured defendant.  To do so, it submitted an affidavit averring that the
26 June intent to use application was erroneously filed under the applicant Pedal Logic, when
27 it should have been filed under Marc Lurie's name. See Mot. to Dismiss, ex. 2.  It also
28 submitted an affidavit from Lurie, stating that neither Juno Holdings nor Pedal Logic

currently use or have any intent to use the AIRFX mark. See id., ex. 1. Pedal Logic argues that these facts reveal that there is no injury, and therefore no harm that can be redressed.

Defendant did not present any evidence to refute the Pedal counterdefendants' argument that they have caused no harm. However, the issue cannot be resolved on a Rule 12(b)(1) motion, because whether defendant has been injured by use of the AIRFX mark is intertwined with the merits of the trademark infringement claim. See 15 U.S.C. § 1125(a) ("Any person who. . ., uses in commerce any word, term, name, symbol, or device, or any combination thereof. . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.").

## III

Alternatively, Pedal Logic moves to dismiss the counterclaim for lack of personal jurisdiction. Here, defendant bears the burden of establishing that personal jurisdiction is appropriate. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). When the motion is decided without an evidentiary hearing, the non-moving party must only make a prima facie showing of personal jurisdiction in the pleading and affidavits. Undisputed allegations in the pleading must be taken as true, and conflicts must be resolved in the non-moving party's favor. Id. Because there is no applicable federal statute concerning personal jurisdiction, we apply Arizona law. See id.; see also Levi Strauss & Co. v. Toyo Enter. Co., Ltd., 665 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (applying law of forum state to personal jurisdiction analysis of trademark infringement claim under the Lanham Act). Arizona's long arm statute allows a court to exercise jurisdiction over a party to the extent permitted by the Constitution. Williams v. Lakeview Co., 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000). A defendant must have "sufficient minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Id. A defendant is subject to general jurisdiction in Arizona when his contacts with the state are "substantial or continuous and systematic," even for claims unrelated to his contacts with the state. Id. Alternatively, a defendant is subject to specific jurisdiction in Arizona if (1) he "purposefully avails himself of the privilege of conducting business in the

forum;" (2) the claim relates to his contact with the state; and (3) "the exercise of jurisdiction is reasonable." Id.

Defendant argues that Pedal Logic has purposely availed itself of the laws of Arizona through its relationship to Marc Lurie. In defendant's view, Lurie and Pedal Logic are interchangeable alter egos. Even assuming that this is correct, defendant has not established that specific jurisdiction over Pedal Logic for the trademark infringement claim is proper. The only alleged contact that Lurie has had with Arizona is filing his complaint for reverse domain name hijacking. The complaint was filed here due to defendant's selection of Arizona - the state where airfx.com's registrar is located - as the proper forum during the UDRP proceeding that triggered Lurie's complaint. Defendant has not alleged that Lurie has conducted any other activities within Arizona, and has not alleged that Pedal Logic, a California partnership, has any independent connection with the state. Moreover, defendant's allegations of trademark infringement against Pedal Logic have nothing to do with Lurie's initiation of litigation over airfx.com. Defendant alleges that Pedal Logic is developing an AirFX product relating to vehicle technologies, and Pedal Logic's use of the AirFX mark is likely to cause confusion. There are no allegations that Pedal Logic (through Lurie) has used airfx.com to market its vehicle products or plans to do so. Thus, even if Pedal Logic is the alter ego of Lurie, and even if Lurie's filing of the complaint constitutes a sufficient minimum contact, AirFX's claims of trademark infringement have nothing to do with Lurie's contact with Arizona - his litigation over airfx.com. Specific personal jurisdiction does not lie when the claim does not relate to the contact with the state, and defendant has not shown that Lurie or Pedal Logic have the substantial or continuous contacts with Arizona required to exercise general jurisdiction. See id. In sum, defendant has not made out a prima facie case for personal jurisdiction over Pedal Logic.

In the alternative, defendant asks for jurisdictional discovery. It believes that additional discovery will reveal a lack of distinction between Lurie and the entities he controls and a pattern of bad faith cybersquatting. Courts should deny requests for jurisdictional discovery when a party fails to show that additional discovery would uncover

- 5 -

necessary facts to prove that a court has personal jurisdiction. MMI, Inc. v. Baja, Inc., 743 F. Supp. 2d 1101, 1113 (D. Ariz. 2010) (citing Autogenomics, Inc. v. Oxford Gene Tech., Ltd., 566 F.3d 1012, 1023 (Fed. Cir. 2009)). The additional facts that defendant wishes to investigate will have no impact on whether this court has personal jurisdiction over Pedal Logic. As discussed above, even assuming that Pedal Logic is an alter ego of Lurie, the allegations of trademark infringement are unrelated to Lurie's contact in this state. Whether Lurie is a bad faith cybersquatter is also unrelated to a claim that a company he owns is developing an AirFX product. We therefore deny defendant's request for jurisdictional discovery.

## IV

Because we find that defendant lacks standing to litigate its counterclaim against Juno Holdings and that we do not have personal jurisdiction over Pedal Logic, we do not reach the merits to address the Pedal counterdefendants' alternative argument that defendant fails to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

**IT IS ORDERED GRANTING** Pedal Logic LP and Juno Holdings Inc.'s motion to dismiss (doc. 55). Defendant's counterclaim for trademark infringement (count one) against Pedal Logic LP is **DISMISSED** without prejudice for lack of personal jurisdiction. Defendant's counterclaim for trademark infringement (count one) against Juno Holdings Inc. is **DISMISSED** without prejudice for lack of jurisdiction. Defendant's counterclaims for intentional interference with prospective economic/contractual advantage (count three) and abuse of process (count four) against Pedal Logic LP and Juno Holdings are **DISMISSED** pursuant to defendant's request.

DATED this 8th day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge