**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AIRFX.com; Marc Lurie, | ) | CV 11-01064-PHX-FJM |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| AirFX LLC; | ) ) | |
| Defendant/Counterclaimant, | ) ) ) | |
| vs. | ) ) | |
| AIRFX.com; Marc Lurie, | ) ) | |
| Counterdefendants. | ) ) ) ) | |

The court has before it counterdefendants' motion for partial summary judgment and separate statement of facts (doc. 57). Counterclaimant AirFX LLC ("the LLC") filed a response (doc. 62), which did not include a separate statement of facts. A few days later, the LLC filed a motion to withdraw its response (doc. 64). That same day, counterdefendants filed their reply in support of their motion for partial summary judgment (doc. 65). Before we ruled on the motion to withdraw, the LLC filed a second response that included a separate statement of facts (doc. 68). Counterdefendants filed a motion to strike the second response (doc. 71) and the LLC responded (doc. 72). Counterdefendants did not file a reply to the motion to strike, and the time for replying has expired.

## I. Background

When considering a motion for summary judgment we accept undisputed facts as true and review disputed facts in the light most favorable to the non-moving party. Anthoine v. N. Cent. Cntys. Consortium, 605 F.3d 740, 745 (9th Cir. 2010).

Counterdefendant Marc Lurie and Jillian Elliot, Lurie's Vice President of Marketing, began developing a brand to use in connection with Lurie's indoor skydiving wind tunnel business. After conducting research and deciding that AIRFX would be the best brand name, Lurie purchased the internet domain name airfx.com.[1] It will take several years and cost millions of dollars for the AIRFX wind tunnel to be designed, manufactured, and installed. Lurie has not developed or used the airfx.com domain name since his purchase. For now, the domain name is parked at a "splash page" provided by its sponsoring registrar, which contains advertisements for the registrar's services.

In October 2008, an LLC employee spoke with Lurie and offered to purchase airfx.com. Lurie declined. Lurie received a letter from the LLC in February 2010, demanding that Lurie turn over control of airfx.com. Lurie declined. The LLC submitted a domain dispute complaint to the National Arbitration Forum pursuant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") on April 22, 2011. The complaint alleged that airfx.com is identical to the LLC's trademark, and that Lurie is a cybersquatter. Amended Compl., ex. B (doc. 61). The arbitrator issued a decision in favor of the LLC, prompting counterdefendants to initiate this action.[2] The LLC filed counterclaims against Lurie and AirFX.com for willful infringement in violation of 15 U.S.C. § 1125(a) and

---

[1] Counterdefendants offer a letter and declaration from Lurie stating that Elliot purchased the domain name on Lurie's behalf in February 2007. The LLC argues that this evidence does not show that Lurie made the purchase. As discussed below, the exact date Lurie acquired the domain name is not relevant to the outcome of these motions. It is undisputed that Lurie is the current owner.

[2] The ACPA provides that a plaintiff whose domain name rights are "suspended, disabled, or transferred" in a UDRP action may bring an action in federal district court to try and establish that his use of the domain name is lawful. Ricks v. BMEzine.com, LLC, 727 F. Supp. 2d 936, 959 (D. Nev. 2010) (citation omitted).

cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA") on November 3, 2011 (doc. 20). Counterdefendants move for partial summary judgment on the counterclaims.

## II. Motion to Withdraw & Motion to Strike the LLC's Second Response

Counterdefendants move to strike the LLC's second response to the motion for summary judgment. This response was filed the same day counterdefendants filed their reply to the motion for summary judgment, and before we ruled on the LLC's motion to withdraw its first response. The counterdefendants argue that this second response is unauthorized and improper. The LLC argues that the response is substantively the same, and merely attaches a separate statement of facts. It acknowledges that its omission of a separate statement of facts was not due to inadvertent error, but rather was a tactical decision. The LLC "originally believed that the specific rebuttals and denials it provided in its Response were sufficient. . . . [h]owever, upon further review with additional counsel, [it] decided to specifically address and controvert each individual Statement of Fact." Response to Mot. to Strike at 2 n.2. LRCiv 56.1(b), however, requires a that a separate controverting statement of facts be submitted when opposing a motion for summary judgment.

The LLC cites no legal authority permitting a party to re-file a response to a motion because it is unsatisfied with its first attempt. On the other hand, striking the LLC's second response in this case is unnecessary. The arguments made by the LLC in both responses are the same. And the material facts relevant to the motion for summary judgment are undisputed and do not depend on the LLC's statement of controverting facts.

## III. Laches

Counterdefendants argue that they are entitled to summary judgment on the LLC's counterclaims for trademark infringement and cybersquatting under the Lanham Act because these claims are time-barred under both the statute of limitations and the equitable defense of laches. There is no statute of limitations built into the Lanham Act. Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 836 (9th Cir. 2002). Instead, we presume that

Congress meant to borrow the statute of limitations from the closest state law action. Id. The Ninth Circuit applies Arizona's three-year statute of limitations for fraud to Lanham Act claims in Arizona. Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc., 603 F.3d 1133, 1140 (9th Cir. 2010). If a party files an action outside of the statute of limitations period, we presume that the claim is barred by laches. The presumption is reversed if the claim is filed within the statute of limitations. Jarrow, 304 F.3d at 835-36.

Counterdefendants argue that the LLC's counterclaims are time-barred because it knew of Lurie's ownership of airfx.com at least by October 2008 (when an LLC employee called Lurie concerning the website), but did not file the counterclaims until November 2011. Thus, according to counterdefendants, the three-year statute of limitations directly bars the LLC's counterclaims. It is far from clear, however, whether Congress intended the statute of limitations to act as a separate defense to Lanham Act claims. See id. at 836-37 (statute of limitations may be inappropriate defense due to the equitable nature of Lanham Act remedies). Because many Lanham Act claims allege ongoing violations, "the statute of limitations is conceivably only a bar to monetary relief for the period outside the statute of limitations; the plaintiff is free to pursue monetary and equitable relief for the time within the limitations period." Id. at 837. It is undisputed that Lurie currently owns www.airfx.com and intends to continue developing his AIRFX brand of wind tunnels. Thus, the alleged trademark infringement and cybersquatting is ongoing. The LLC seeks only injunctive relief to stop counterdefendants from using the AirFX mark. Thus, the statute of limitations does not directly bar the LLC's counterclaims.

Next, counterdefendants argue that the counterclaims are barred by laches. In the trademark infringement context, laches aims to protect an infringer who has been building a valuable business around the trademark and who relies on that trademark's publicity. Internet Specialties West, Inc. v. Milon-DiGiorgio Enters., Inc., 559 F.3d 985, 991-92 (9th Cir. 2009). Laches also applies to ACPA cybersquatting claims. Super-Krete Int'l., Inc. v. Sadleir, 712 F. Supp. 2d 1023, 1035 (C.D. Cal. 2010). For laches to bar the LLC's

- 4 -

counterclaims, (1) the LLC must have unreasonably delayed in bringing suit, and (2) counterdefendants must have been prejudiced by the delay. See Internet Specialties, 559 F.3d at 990. Prejudice is a distinct and mandatory prong. Id. at 991.

There are two main forms of prejudice in the context of laches: evidentiary prejudice and expectations-based prejudice. Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001). Counterdefendants make an expectations-based argument. This kind of prejudice occurs when a party suffers consequences or acts in a way that he would not have had he been sued promptly. Id. Counterdefendants contend that they have been prejudiced by the LLC's delay in filing its counterclaims because Lurie has invested money, effort, and time into branding since acquiring airfx.com, and plans to use AIRFX as a brand for his wind tunnels. Evidence that a party expended resources to promote a brand name, however, is insufficient to establish prejudice. See Internet Specialties, 559 F.3d at 991 ("If this prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay.") (citing Tisch Hotels, Inc. v. Americana Inn, Inc., 350 F.2d 609, 615 (7th Cir. 1965)). Instead, Internet Specialties analyzed whether the claim of prejudice rested on expenditures in promoting the brand, or whether the claim rested on "an investment in the mark [] as the identity of the business in the minds of the public." Id. at 992; see also Jarrow, 304 F.3d at 839 (if plaintiff had filed the action sooner, defendant "could have invested its resources in shaping an alternative identity. . . in the minds of the public"). The court held that the defendant - even though entitled to a "presumption in favor of laches" - had not demonstrated prejudice because it had not spent time before suit was filed "developing brand recognition of its mark." Internet Specialties, 559 F.3d at 991-93.

Despite the time, effort, and money that may have gone into Lurie's determination that AIRFX will be the best brand name for his wind tunnel business, the counterdefendants allege that they have not publically announced the business, but plan to do so when the first completed facility is launched. See Amended Compl. at ¶ 25. Indeed, Lurie states that the

airfx.com domain name "has not been developed or used" since it was obtained, and that it will take "several years from design to manufacture to installation" to develop the AIRFX wind tunnel. Id., ex. A, M. Lurie Decl. ¶¶ 23, 18. In the meantime, the airfx.com domain name is currently "parked" at a splash page provided by the registrar, which provides advertisements for the registrar's services. Id., ex. A, M. Lurie Decl. ¶¶ 21-22. Counterdefendants have offered no evidence that they have invested in the AIRFX brand name "as the identity of the business in the minds of the public." Internet Specialties, 559 F.3d at 992; see also Super-Krete, 712 F. Supp. 2d at 1035-36 (despite presumption that laches applied to ACPA cybersquatting claim, "[d]efendants cannot show clear prejudice resulting from the delay in bringing this action because they have invested nothing in developing or promoting the domain [name]").

The counterdefendants have not shown prejudice. Thus, regardless of whether a presumption of laches applies, and regardless of whether the LLC unreasonably delayed in filing suit, laches does not bar the LLC's counterclaims. See Internet Specialties, 559 F.3d at 991 (party must establish prejudice for laches to apply).

### IV. Conclusion

**IT IS ORDERED DENYING** counterdefendants AIRFX.com and Marc Lurie's motion to strike (doc. 71).

**IT IS ORDERED GRANTING** counterclaimant AirFX LLC's motion to withdraw *nunc pro tunc* (doc. 64).

**IT IS ORDERED DENYING** counterdefendants AIRFX.com and Marc Lurie's motion for partial summary judgment (doc. 57).

DATED this 29th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 6 -