**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AirFX.com and Marc Lurie, | No. CV 11-01064-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| AirFX, LLC; | |
| Defendant/Counterclaimant, | |
| vs. | |
| AirFX.com and Marc Lurie, | |
| Counterdefendants. | |

The court has before it plaintiffs' motion for attorneys' fees and non taxable expenses (doc. 107), plaintiffs' memorandum of points and authorities in support of the motion (doc. 111), defendant's response (doc. 119), and plaintiffs' reply (doc. 120).

**I**

This action arises out of a dispute over the internet domain name www.airfx.com. Plaintiff Marc Lurie ("Lurie") acquired the domain name airfx.com from a non-party on February 2, 2007 for $2,100. In 2008, defendant unsuccessfully sought to purchase airfx.com from Lurie. In 2011, defendant filed a domain dispute complaint before the National Arbitration Forum ("NAF"). On May 16, 2011, the NAF panel decided in favor of defendant, ordering that GoDaddy transfer airfx.com to defendant. Plaintiff filed this action

asserting a claim for reverse domain name hijacking under Lanham Act, 15 U.S.C. § 1114(2)(D)(v). Defendant asserted counterclaims for (1) trademark infringement under Lanham Act, 15 U.S.C. § 1125; (2) cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA"); (3) intentional interference with prospective economic/contractual advantage; and (4) abuse of process. We dismissed counterclaims three and four because defendant failed to allege sufficient facts to state a claim (doc. 50). We granted summary judgment to plaintiffs on their sole claim because we concluded plaintiffs' use of the domain was lawful. We also granted summary judgment in favor of plaintiffs on defendant's counterclaims because defendant could show neither that airfx.com was distinctive at the time of registration, nor that plaintiffs made commercial use of the AirFX mark (doc. 103). Plaintiffs now move for an award of attorneys' fees and non-taxable costs under § 15 U.S.C. § 1117(a).

**II**

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A case is exceptional if it is "groundless, unreasonable, vexatious, or pursued in bad faith." Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000) (citation omitted). This standard applies to prevailing defendants as well as prevailing plaintiffs. See id. Here, plaintiffs seek attorneys' fees for prevailing on their claim for reverse domain name hijacking and on defendant's counterclaims for trademark infringement and cybersquatting.

Plaintiffs contend that defendant's case was groundless and unreasonable. Plaintiffs argue that defendant pursued a meritless argument regarding their ACPA claim which failed to raise any debatable issue of law or fact. Plaintiffs also assert that it was unreasonable for defendant to controvert facts in plaintiffs' motion for summary judgment that it later asserted were undisputed in its own statement of facts. Finally, plaintiffs argue that defendant's actions, including its failure to comply with the local rules and the filing of an allegedly groundless motion to seal Lurie's deposition transcript, unreasonably multiplied plaintiffs' work.

In response, defendant contends that its trademark infringement claim was merited based on plaintiffs' admissions and conduct in connection with their intent to launch and market AirFX. Defendant also argues that it was plaintiffs, not defendant who multiplied the proceedings by filing ten of the fourteen substantive motions in this matter. However, defendant does address plaintiffs' arguments regarding the ACPA counterclaim.

We conclude that defendant's counterclaims were groundless and unreasonable. On August 24, 2012 we granted plaintiffs' motion for summary judgment on defendant's counterclaim. Neither the factual basis for our conclusion, nor the law compelling it, were genuinely subject to dispute. On October 20, 2011, before defendant filed its counterclaims, we informed the parties that the original registration date of airfx.com was the determinative issue in connection with any ACPA claims. Specifically, we noted that <u>GoPets Ltd. v. Hise</u>, 657 F.3d 1024, 1032 (9th Cir. 2011) made it clear that a company's re-registration of a domain name that was first registered "long before [trademark owner] registered its service mark" did not violate the ACPA, because the re-registration "was not a registration within the meaning of § 1125(d)(1)." <u>See</u> Doc. 19 at n. 2. It is unclear from the record whether defendant knew the original registration date of the airfx.com domain name at the time it filed its counterclaims. However, by the time the parties filed their motions for summary judgment, it was undisputed that airfx.com was originally registered more than two years before the AirFX mark existed. It was unreasonable for defendant to pursue its ACPA counterclaim once it discovered that the airfx.com was originally registered before the AirFX mark. As we noted in our order, <u>GoPets</u> is squarely on point in this matter, and there is nothing it its language indicating that it should be read as narrowly as defendant suggested in its briefs. <u>See</u> Doc. 103 at 6. Defendant should have withdrawn its ACPA counterclaim once it discovered that the original registration date of airfx.com preceded the registration of the AirFX mark.

Similarly, defendant's trademark infringement counterclaim was groundless and unreasonable. The claim was groundless because defendant did not present any evidence that plaintiffs' use of the AirFX mark was commercial. Moreover, it was unreasonable for

defendant to dispute that Lurie has never sold a product or service with the AirFX name, but then assert in its own statement of facts that "[p]laintiffs have never sold a single product bearing the name AirFX." <u>See</u> Doc. 103 at 2. Defendant had no reasonable basis to argue that plaintiffs had infringed the AirFX trademark.

Plaintiffs next contend that this case is exceptional because defendant conducted itself in bad faith throughout this action. Plaintiffs argue that defendant's characterization of Lurie as a serial cybersquatter was unsupported, and therefore it was frivolous and offered in bad faith. Plaintiffs also assert that defendant knowingly was represented by a suspended attorney in these proceedings, and routinely failed to comply with the federal rules and local rules. Finally, plaintiffs note that defendant's counsel levied personal attacks against Lurie and Lurie's counsel throughout the litigation, despite this court's admonition that such conduct would not be tolerated.

Defendant counters that plaintiffs' accusations are false and that it is plaintiffs who acted in bad faith by filing unfounded disciplinary complaints against defendant's counsel. Defendant also disputes plaintiffs' allegation that it was represented by a suspended attorney. Defendant's counsel filed an affidavit indicating that he has been the only attorney working on this matter, and that his colleague Mr. Haigh is a paralegal at the firm. Finally, defendant argues that Lurie's misleading statements and disrespect for the judicial process should not be rewarded with attorneys' fees.

As we have noted before, the parties' approach to this action has been needlessly contentious. <u>See</u> Exhibit O. Both parties have been unnecessarily adversarial and uncivil. <u>Id</u>. However, we are not persuaded that defendant or defendant's counsel acted in bad faith. Nevertheless, because we find that defendant's counterclaims were groundless and unreasonable, we conclude that this case is exceptional within the meaning of 15 U.S.C. § 1117(a). Plaintiffs are entitled to recover attorneys' fees.

**III**

We turn to establishing a reasonable fee award for this action. Plaintiffs seek an award

of $133,658.50 in attorneys' fees and $1,128.98 in non-taxable costs, and have submitted a supporting memorandum (doc. 111) and supporting documentation (docs. 112-117) substantially in compliance with LRCiv 54.2(c)-(d).

Defendants argue that only fees associated with the Lanham Act trademark infringement counterclaim are recoverable. However, under 15 U.S.C. § 1117(a), fees for claims brought under the ACPA are also recoverable. See e.g. Lahoti v. Vericheck, Inc. 636 F.3d 501, 510 (9th Cir. 2011). Accordingly, we will consider fees associated with all of the claims and counterclaims in this action.

Plaintiffs seek to recover fees billed by two different firms throughout the course of the litigation. From May 2011 through January 2012, plaintiffs engaged the Randazza Legal Group (the "Randazza Firm"). Thereafter, plaintiffs discharged the Randazza Firm and retained Urias Law Offices, PLLC ("Urias Law"). In accordance with LRCiv 54.2(d)(3), plaintiffs submitted supporting documentation including task-based itemized statements of fees from both firms. We must make specific findings as to the rates and hours that we find reasonable. Gracie, 217 F.3d at 1070 (citation omitted).

Plaintiffs request $81,388.50 for the Randazza Firm. However, plaintiffs have disputed the total amount of fees charged by the Randazza Firm, and have only paid $70,162.28 to date. Motion at 10. "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) (citation omitted). Accordingly, plaintiffs may only recover up to $70,162.28 in fees for the work done by the Randazza Firm. The task-based itemized statement of fees submitted by the Randazza Firm indicates work done by four attorneys (Randazza, Fischer, Hutchens, and DeVoy) and one law clerk (Laura Tucker), each of whom bills at a different hourly rate. Mr. Randazza's affidavit (doc. 111, ex. E) describes his role and qualifications. Given this information and our familiarity with the Phoenix legal market, we conclude that his hourly rate ($425) is reasonable. However, because the affidavit does not substantively describe the qualifications of the other three attorneys or the law clerk appearing on the itemized statement, we cannot

determine the reasonableness of their rates. See LRCiv 54.2(d)(4)(A). Therefore, fees attributable to those individuals are excluded from the award. We award $51,652.50 in fees for approximately 122 hours billed by Mr. Randazza from May 2011 through January 2012.

Plaintiffs seek $52,320.00 in fees for hours billed by Urias Law. Sharon Urias's supporting affidavit (doc. 111, ex. D) describes her own qualifications, as well as the role and qualifications of her paralegal. Based on this information and our familiarity with the Phoenix legal market, we conclude that their hourly rates ($300 and $150, respectively) are reasonable. The task-based itemized statement of fees (doc. 111, ex. C) contains adequate descriptions of each billed task. Having carefully reviewed each itemized entry, we find the billed hours reasonable. Accordingly, we award plaintiffs $52,320.00 in fees for the hours billed by Urias Law.

Finally, we reject in its entirety plaintiffs' request for non-taxable expenses, which are not recoverable under the Lanham Act. See Roth v. Naturally Vitamin Supplements, Inc., No. CV-04-2135, 2007 WL 2020114, at *7 (D. Ariz. July 6, 2007).

Based on the foregoing, **IT IS ORDERED GRANTING IN PART** and **DENYING IN PART** plaintiffs' motion for attorneys' fees and non-taxable expenses (doc. 107). We award attorneys' fees to the plaintiffs in the amount of $103,972.50 and deny non-taxable costs.

DATED this 7th day of March, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge