**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AirFX.com and Marc Lurie, | No. CV 11-01064-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. |  |
| AirFX, LLC, |  |
| Defendant/Counterclaimant, |  |
| vs. |  |
| AirFX.com and Marc Lurie, |  |
| Counterdefendants. |  |

The court has before it defendant's motion for stay of execution on attorneys' fees pending appeal (doc. 123), plaintiffs' response (doc. 125), and defendant's reply (doc. 126).

Defendant moves for a stay pursuant to Rule 62(d), Fed. R. Civ. P., which provides for an automatic stay once an appellant posts a supersedeas bond. However, defendant has not posted a supersedeas bond, and instead seeks a waiver of the bond or in the alternative, an order reducing the amount of the bond required to stay the execution of the attorneys' fees judgment. Defendant contends that the following four equitable factors justify its request that the supersedeas bond requirement be either waived or reduced: "(1) whether the petitioner is likely to prevail on the merits of the appeal; (2) whether, without the stay, the petitioner will be irreparably injured; (3) whether issuance of the stay will substantially harm

other parties interested in the proceeding; and (4) wherein lies the public interest." Motion at 4. Plaintiffs argue that these factors apply only to appeals pending from injunctive relief under Rule 62(c), Fed. R. Civ. P. Defendant counters that other district courts have applied the four equitable factors in circumstances similar to the ones here. In <u>Hilton v. Braunskill</u>, 481 U.S. 770, 107 S. Ct. 2113 (1987), the Court noted that equitable factors govern the district court's power to stay an order under Rule 62(c), not Rule 62(d). <u>Id</u>. at 776, 107 S. Ct. at 2119. Under Rule 62(c) we have discretion to "suspend, modify, restore, or grant an injunction during the pendency of the appeal." Fed. R. Civ. P. 62(c). But here, a money judgment is involved, and thus Rule 62(d), not Rule 62(c) applies.

Pursuant to Rule 62(d), Fed. R. Civ. P, an appellant may obtain an automatic stay by posting a supersedeas bond. The posting of a bond is itself "a privilege extended to the judgment debtor as a price of interdicting the validity of an order to pay money." <u>Biltmore Associates, L.L.C., as Trustee v. Twin City Fire Ins. Co.</u>, CV-05-04220-PHX-FJM, 2007 WL 2422053, *1 (D. Ariz. 2007) (citation omitted). Accordingly, to depart from "the usual requirement of a full security supersedeas bond" the moving party must "objectively demonstrate the reasons for such a departure." <u>Id</u>. We consider several grounds for waiving the bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to [collect] a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial position that the requirement to post a bond would place other creditors of the defendant in an insecure position." <u>Id</u>. We may also substitute another form of adequate security for the supersedeas bond. See <u>Townsend v. Holman Consulting Corp.</u>, 929 F.2d 1358, 1367 (9th Cir. 1991).

Defendant has failed to show that any relevant factor favors a waiver of the bond. Plaintiffs argue that the collections process will be difficult and complex because defendant is a foreign entity with no known assets in Arizona. Defendant does not argue otherwise.

- 2 -

Therefore this factor weighs against defendant. Moreover, defendant concedes that even if it dismantled its operations, sold its assets, and laid off employees, it may not have the full funds available to pay the judgment. See Doc. 122-1 ¶ 11. Thus, the third and fourth factors weigh against waiving the supersedeas bond requirement. Finally, defendant argues that it will suffer great financial hardship if it is required to post a supersedeas bond. However, defendant has not offered specific evidence demonstrating that it is in such a precarious financial position that the bond requirement would place it or its creditors in an insecure position. Because defendant has not articulated sufficient grounds to stay execution pending appeal without posting the supersedeas bond, we decline to waive the bond requirement.

Alternatively, defendant requests that we consider its "flagship Hayabusa" motorcycle as sufficient security to protect the judgment creditor's interest. Mr. Schwindt's affidavit states that the motorcycle has a current market value of approximately $30,000. See Doc. 122-1 ¶ 6. The stated value of the motorcycle does not cover the $103,972.50 judgment in this case. Moreover, we have no way of knowing whether the value of the motorcycle will be the same at the end of the appeal. Defendant has also offered to enter an agreement that it will not sell or mortgage any of its assets while the appeal is pending. Mr. Schwindt affirms that none of defendant's assets are currently mortgaged, and that no creditors stand ahead of plaintiffs in securing an interest in the company's assets. See Doc. 126-1 ¶¶ 14-15. However, the record contains no evidence which allows us to determine the value of defendant's assets. We decline to permit defendant to post security of uncertain value in place of a full supersedeas bond.

**THEREFORE, IT IS ORDERED DENYING** defendant's motion for stay of execution on attorneys' fees pending appeal (doc. 123).

DATED this 6th day of June, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge